Green, J.
delivered the opinion of the court.
This is an action of ejectment. The' plaintiff claims title by means of a sale by the Marshal, made by virtue of an execution against Haywood Cozart and others. The levy is in the following words: • •>,
“Levied this execution on three tracts of land; one tract containing 300 acres; one tract 40 or 50 acres; one other tract con» *434 taining 110 acres, as the property of Haywood Cozart, all in the county of Carroll. See advertisement in newspapers for description. 25th January, 1841.
RoBT. I. CHESTER, M. W. D.”
This levy is too vague and uncertain to afford any information by which to identify the land. It could not authorize a sale, and the deed of the Marshal conferred no title on the purchaser. Seethe cases of Pound vs. Pullin, 3 Yerg. 388; Brown vs. Dickson, 2 Hump. Rep. 395, and Huddleston vs. Garratt, 3 Hump. 629.
But it is said, the reference in this levy to an advertisement in the newspaper, takes this case out of the operation of the rule established in the cases above referred to. We do not think this reference helps the levy in the least degree. It does not appear what advertisement is referred to. Whether the one the Marshal intended himself to publish in this case, or some other advertisement about the same land. And hence no assistance ean be gained from that reference. But if the reference to an advertisement had been as specific as it could have been made, it would not be sufficient. The advertisement forms no part of the record; exists only in the evanescent publications of the day, and must soon be lost to the memory of man, and become incapable of proof. Had reference been made to a deed of record, or to facts on the ground, capable of proof, the case would have been wholly different.
Affirm the judgment.